UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JOEY WINSTON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | CV419-330 |
| ) | |
| SAVANNAH POLICE ) | |
| DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# **REPORT AND RECOMMENDATION**

Joey Winston, a prisoner at the Chatham County Sheriff's complex, purporting to act on behalf of his family members, has submitted a 42 U.S.C. § 1983 Complaint alleging incoherent offences. *See* doc. 1. He seeks to proceed *in forma pauperis* (IFP). Doc. 2. Plaintiff recently filed a § 1983 Complaint before this Court, in which he also sought to proceed IFP.[1] CV419-235. The Court notes considerable discrepancies between

---

[1] Claimant incorrectly asserts in his Complaint that he has brought no other lawsuits. Doc. 1 at 1 & 2. Both the Complaint and application to proceed IFP required plaintiff to attest to the accuracy of the information provided under penalty of perjury. Docs. 2 and 10. "One who makes this affidavit exposes himself 'to the pains of perjury in a case of bad faith.'" *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338 (1948) (quoting *Pothier v. Rodman*, 261 U.S. 307, 309 (1923). Plaintiff is reminded that liars may be prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in*

the IFP applications submitted in these cases. It is not necessary, however, for the Court to reach these inconsistencies, as this matter should be **DISMISSED** for frivolity and failure to state claim and the motion for leave to proceed IFP should be **DENIED AS MOOT**.

The Court is required to dismiss any case it determines to be frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "For purposes of 1915(e)(2)(B)(i), an action is frivolous if it is 'without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir.2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.2001)). Additionally, a complaint fails to state a claim if it lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Complaint before the Court is generally indecipherable and devoid of sufficient facts from which a cognizable claim can be drawn. It

---

*Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

appears to refer to plaintiff not being transported to the court for hearings. Doc. 1 at 5 ("Had courts [sic] July 29th plus November 25th and nevers [sic] came and got Winstons [sic] to goto [sic] court multiples [sic] times."). It also alleges that plaintiff was the victim of the incident of his arrest and that he was only to be detained for one night, but that "Chatham County Jail held Joey Winstons [sic] for a years [sic]." *Id*. Plaintiff also makes the confusing claim to having "zillions twin brothers, sons, and families got take care of truthfullys [sic] is the [illegible, possibly 'other'] families detected [sic] froms [sic] the age test woulds [sic] get $999,999,999 took us away from law abiding citizens . . . ." *Id*. Even construing the filing liberally, the Court can discern no claim on which relief can be granted through a § 1983 claim. Accordingly, the claim should be **DISMISSED**.

Furthermore, Plaintiff Joey Winston cannot, acting *pro se*, bring suit on behalf of the other named plaintiffs—King Prince Joey Vernnard Winston Jr., Joey Vernard Winston, Jr., and Joey Vernard Winston, Sr.— which the court assumes to be members of his family. While the law may recognize a party's right, in some circumstances, to proceed in a representative capacity, that capacity does not entitle the representative

to pursue the case *pro se*. *See Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[I]ndividuals not licensed to practice law by the state may not use the 'next friend' device as an artifice Case 4:19-cv-00235-WTM-CLR Document 3 Filed 10/02/19 Page 3 of 5 for the unauthorized practice of law.").[2] Even parents permitted to pursue a claim on behalf of their own minor children may not litigate *pro se*. *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (*quoting Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), overruled in part on other grounds by *Winkleman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007)); *Oliver v. Southcoast Medical Grp., LLC*, 2011 WL 2600618 at * 1 (S.D. Ga. June 13, 2011). Non-attorney parents are not allowed to proceed *pro se* on their children's behalf "because it helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." *Oliver*, 2011 WL 2600618 at * 2 (quotations and citations omitted). That rationale applies with equal, if not greater force, to prisoners. As such, the claims of Plaintiffs King

---

[2] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

Prince Joey Vernnard Winston Jr., Joey Vernard Winston, Jr. and Joey Vernard Winston, Sr. should be **DISMISSED as moot**.

The Court recognizes that this is at least the second action brought by plaintiff to be dismissed. Plaintiff is cautioned that the Prison Litigation Reform Act provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this "three strikes" rule is if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time

to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 19th day of February, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA